1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAUL CERVANTES,                          No.  2:15-cv-2138 CKD P (TEMP)

12                    Plaintiff,

13          v.                                ORDER

14   SERGEANT WILLIAMSON et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2    1915(b)(2).

3                        **SCREENING REQUIREMENT**

4        The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. §

6    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

7    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8    granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28

9    U.S.C. § 1915A(b)(1) & (2).

10       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

16   Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

17       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

18   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>

20   <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

21   However, in order to survive dismissal for failure to state a claim a complaint must contain more

22   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

23   allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 550

24   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

25   allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

26   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

27   doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

28   /////

1    The Civil Rights Act under which this action was filed provides as follows:

2           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
3           deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
4           law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

10   omits to perform an act which he is legally required to do that causes the deprivation of which

11   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

13   their employees under a theory of respondeat superior and, therefore, when a named defendant

14   holds a supervisorial position, the causal link between him and the claimed constitutional

15   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

16   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

17   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

18   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19                               **PLAINTIFF'S COMPLAINT**

20          In the present case, plaintiff has identified as defendants Sergeant Williams and

21   Correctional Officer Burciaga.  Plaintiff's complaint is difficult to decipher.  He appears to

22   complain that defendant Williamson has given orders to correctional staff members that

23   effectively authorizes the mistreatment of inmates.  Plaintiff further appears to complain that,

24   pursuant to these orders, defendant Burciaga used unnecessary force against him, which resulted

25   in a cut on the top of plaintiff's head, hearing problems, and blurred vision.  In terms of relief,

26   plaintiff requests monetary compensation and further medical care.  (Compl. at 3.)

27   /////

28   /////

3

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

Plaintiff's complaint suffers from a number of additional deficiencies. As an initial matter, it is not clear from the allegations of plaintiff's complaint whether and to what extent defendant Williamson was involved in any alleged deprivation of plaintiff's constitutional rights. In any amended complaint plaintiff elects to file, he will need to allege facts clarifying the causal connection between this defendant and his alleged constitutional deprivations. Insofar as plaintiff has sued defendant Williamson because he is defendant Burciaga's a supervisor, as noted above, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. The Ninth Circuit has made clear that a supervisory

1    defendant may be held liable under § 1983 only "'if there exists either (1) his or her personal

2    involvement in the constitutional deprivation, or (2) a sufficient causal connection between the

3    supervisor's wrongful conduct and the constitutional violation.'"  Starr v. Baca, 652 F.3d 1202,

4    1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)).

5         Also, insofar as plaintiff wishes to proceed on an Eighth Amendment excessive use of

6    force claim against defendant Burciaga, he is advised that "whenever prison officials stand

7    accused of using excessive physical force in violation of the Cruel and Unusual Punishments

8    Clause, the core judicial inquiry is that set out in Whitley, i.e., whether force was applied in a

9    good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

10   Hudson v. McMillian, 503 U.S. 1, 5 6-7 (1992).  See also Whitley v. Albers, 475 U.S. 312

11   (1986).  The court considers several factors to determine whether a use of force violates the

12   Eighth Amendment, including the need for force, the relationship between the need for force and

13   the amount of force used, and the extent of the threat the officers reasonably perceived the

14   plaintiff posed.  See Whitley, 475 U.S. at 321.  A prisoner is not required to allege and show a

15   "significant injury," see Hudson, 503 U.S. at 9-10, but "an inmate who complains of a 'push or

16   shove' that causes no discernible injury almost certainly fails to state a valid excessive force

17   claim."  Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).  In any amended complaint plaintiff elects to

18   file, he should allege facts clarifying how and under what circumstances defendant Burciaga's

19   alleged assault took place.  Plaintiff must allege facts that, if proven, would indicate that the

20   defendant's actions were unnecessary, that the defendant acted with a sufficiently culpable state

21   of mind, or that he acted for the "very purpose of causing harm."  Whitley, 475 U.S. at 320-21.

22        Plaintiff is informed that the court cannot refer to a prior pleading in order to make

23   plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

24   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

25   amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

26   Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

27   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

28   and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated:  November 12, 2015

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ec
cerv2138.14a