1

2

3

4

5

6

7

8                                      UNITED STATES DISTRICT COURT

9                                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAUL CERVANTES,                                         No.  2:15-cv-2138 CKD P (TEMP)

12                        Plaintiff,

13              v.                                            ORDER

14    SERGEANT WILLIAMSON et al.,

15                        Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed

18    pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint.

19                                      **SCREENING REQUIREMENT**

20          The court is required to screen complaints brought by prisoners seeking relief against a

21    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

22    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

23    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

25    U.S.C. § 1915A(b)(1) & (2).

26          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4 Cir. 1989); Franklin, 745 F.2d at 1227.

5 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

6 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

7 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

8 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

9 However, in order to survive dismissal for failure to state a claim a complaint must contain more

10 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

11 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

12 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

13 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

14 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

15 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

16 The Civil Rights Act under which this action was filed provides as follows:

17 Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the
18 deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
19 law, suit in equity, or other proper proceeding for redress.

20 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

21 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

22 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

23 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

24 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

25 omits to perform an act which he is legally required to do that causes the deprivation of which

26 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27 Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

28 their employees under a theory of respondeat superior and, therefore, when a named defendant

2

1  holds a supervisorial position, the causal link between him and the claimed constitutional

2  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

3  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

4  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

5  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6                    **PLAINTIFF'S SECOND AMENDED COMPLAINT**[1]

7          In his second amended complaint, plaintiff identifies Officer Burciaga as the sole

8  defendant in this action.  Plaintiff's allegations are difficult to decipher, but he appears to take

9  issue with defendant Burciaga's conduct during an escort that took place on April 28, 2015.

10  Specifically, plaintiff alleges that he had been on a hunger strike for eighteen (18) days and had

11  been experiencing hallucinations.  He told officers he wanted to speak to a mental health doctor

12  before he came out of his cell.  Defendant Burciaga told plaintiff he could see the doctor after his

13  morning medical check.  After seeing a nurse, plaintiff alleges that he proceeded back to his

14  building and felt a hit on the top of his head.  Plaintiff alleges that he fell to the floor and was

15  bleeding.  According to plaintiff, he has lost some vision and hearing since the incident.  In terms

16  of relief, plaintiff requests monetary damages and further medical care.  (Sec. Am. Compl. at 3 &

17  Attachs.)

18                                    **DISCUSSION**

19          The allegations of plaintiff's second amended complaint are so vague and conclusory that

20  the court is unable to determine whether the current action is frivolous or fails to state a claim for

21  relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P.

22  8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

23  notice to the defendants and must allege facts that support the elements of the claim plainly and

24  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

25  must allege with at least some degree of particularity overt acts which the defendant engaged in

26  ───────────────

27  [1] On November 24, 2015, plaintiff filed a first amended complaint.  On November 30, 2015, before the court had an opportunity to screen plaintiff's first amended complaint, he filed a second amended complaint.  The court will proceed on plaintiff's second amended complaint as

28  the operative pleading in this action.

                                        3

1    that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of

2    Federal Rule of Civil Procedure 8(a)(2), the court must dismiss plaintiff's second amended

3    complaint.  In the interest of justice, the court will grant plaintiff leave to file a final, third

4    amended complaint.

5            If plaintiff chooses to pursue this action by filing a third amended complaint, he must

6    allege facts therein demonstrating how the conditions complained of resulted in a deprivation of

7    plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

8    1980).  In addition, plaintiff must allege in specific terms how the defendant was involved in the

9    deprivation of plaintiff's rights.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633

10   F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

11   conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

12   Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13           As this court previously advised plaintiff, to maintain an Eighth Amendment claim based

14   on excessive use of force, he must allege facts showing that defendant Burciaga used force

15   against him maliciously and sadistically for the "very purpose of causing harm."  Whitley v.

16   Albers, 475 U.S. 312, 320-21 (1986).  See also Hudson v. McMillian, 503 U.S. 1, 5 6-7 (1992)

17   ("whenever prison officials stand accused of using excessive physical force in violation of the

18   Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley, i.e.,

19   whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

20   and sadistically to cause harm.").  In any third amended complaint plaintiff elects to file, he

21   should clarify how and under what circumstances defendant Burciaga used force against him.  If,

22   for example, plaintiff believes that defendant Burciaga unnecessarily hit him on top of his head

23   and caused him to fall and suffer his alleged injuries, he needs to allege these facts in his amended

24   complaint.

25           Plaintiff is advised that the court will consider several factors to determine whether a use

26   of force violates the Eighth Amendment, including the need for force, the relationship between

27   the need for force and the amount of force used, and the extent of the threat the officers

28   reasonably perceived the plaintiff posed.  See Whitley, 475 U.S. at 321.  A prisoner is not

1   required to allege and show a "significant injury," see Hudson, 503 U.S. at 9-10, but "an inmate

2   who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state

3   a valid excessive force claim." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

4        Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his

5   third amended complaint complete. Local Rule 220 requires that an amended complaint be

6   complete in itself without reference to any prior pleading. This is because, as a general rule, an

7   amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th

8   Cir. 1967). Once plaintiff files a third amended complaint, his prior pleading no longer serves

9   any function in the case. Therefore, in a third amended complaint, as in an original complaint,

10  each claim and the involvement of each defendant must be sufficiently alleged.

11  **CONCLUSION**

12       Accordingly, IT IS HEREBY ORDERED that:

13       1.  Plaintiff's second amended complaint (Doc. No. 17) is dismissed;

14       2.  Plaintiff is granted thirty days from the date of service of this order to file a third

15  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

16  of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the

17  docket number assigned to this case and must be labeled "Third Amended Complaint"; failure to

18  file a third amended complaint in accordance with this order will result in a recommendation that

19  this action be dismissed without prejudice; and

20       3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

21  rights action.

22  Dated: March 11, 2016

23                                  CAROLYN K. DELANEY

24                                  UNITED STATES MAGISTRATE JUDGE

25

26  ec
    cerv2138.14am

27

28