UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CERVANTES, | No. 2:15-cv-2138 CKD P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| SERGEANT WILLIAMSON et al., | |
| Defendants. | |

   Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

   The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

   The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of

success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners do not establish exceptional circumstances.

In this case, plaintiff alleges that he is mentally impaired and receives care at the enhanced outpatient level at Salinas Valley State Prison.  Although the court sympathizes with plaintiff's challenges, having considered the factors under Palmer, the court does not find the required exceptional circumstances for appointment of counsel at this time.  Plaintiff's Eighth Amendment claim against defendant Burciaga is not particularly complex, and plaintiff has thus far been able to adequately articulate his claims pro se.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 16) is denied without prejudice.

Dated:  May 9, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ec
cerv2138.31

2