UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CERVANTES,<br><br>          Plaintiff,<br><br>   v.<br><br>SERGEANT WILLIAMSON, et al.,<br><br>          Defendants. | No. 2:15-cv-02138 DB<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983 alleging excessive force against correctional officers for taking him to the ground during an escort. Pending before the court is defendant Burciaga's motion for summary judgment for plaintiff's alleged failure to exhaust his available administrative remedies. (ECF No. 29.) Plaintiff filed an opposition to the motion (ECF No. 34), and defendant filed a reply (ECF No. 37). Neither defendant Burciaga nor plaintiff responded to the court's order directing them to complete and return the form indicating their consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

For the reasons outlined below, the undersigned respectfully recommends that the district court grant defendant's motion for summary judgment and dismiss this case without prejudice.

////

## I. Factual Background

Plaintiff is proceeding on his third amended complaint (TAC) against defendant Burciaga. (ECF No. 13.) Plaintiff alleges that while housed at California State Prison, Sacramento (CSP-Sac), he was experiencing hallucinations on April 28, 2015. He claims that he requested to see a doctor and was being escorted by defendant Burciaga. During this escort, plaintiff alleges that defendant Burciuaga threw him to the ground and assaulted him without provocation. Plaintiff asserts an Eighth Amendment claim for excessive force against defendant Burciaga for this incident.

On June 2, 2015, plaintiff filed an inmate appeal -- which was screened as a medical request -- demanding to see an eye doctor and medical doctor. (ECF No. 34 at 5-6.) Plaintiff complained that his vision and hearing were deteriorating and that he could not sleep. (Id. at 5.) In this appeal, plaintiff recounted an incident from April 28, 2015 where he left his cell due to hallucinations he was suffering while on a hunger strike to see a nurse. (Id.) The appeal further alleges that on the way back to his cell plaintiff was hit on the head, thrown to the ground, and called racial slurs. (Id. at 6.) The appeal does not state who precisely was responsible, but alludes to defendant Burciaga and another correctional officer. (Id.) The appeal also states that plaintiff blacked out after the incident for three weeks, and only then found out that he had been cited for assaulting a correctional officer. (Id.)

The appeal does not specifically complain that excessive force was used, nor does it seek to hold defendant Burciaga or the other correctional officer accountable for the incident. The only requests made are for further medical treatment and examination, as well as copies of medical records and the incident report review issued on May 28, 2015. (Id.)

Plaintiff filed his initial complaint in this court on October 13, 2015 naming Burciaga and correctional officer Williamson as defendants. (ECF No. 1.) The original complaint was screened and dismissed without prejudice with leave to amend by the magistrate judge previously assigned to this case, Judge Caroline Delaney. (ECF No. 6.) Plaintiff then filed a first amended complaint and second amended complaint in succession. (ECF Nos. 9; 11.) Judge Delaney screened and dismissed the second amended -- which named Burciaga as the sole defendant --

2

without prejudice.  (ECF No. 12.)  Plaintiff then filed the TAC (ECF No. 13), Judge Delaney screened and ordered by served on defendant Burciaga.  (ECF Nos. 14; 18.)  Defendant Burciaga waived service and filed an answer.  (ECF Nos. 21; 23.)  Defendant Burciaga now moves for summary judgment on the basis that plaintiff did not exhaust his administrative remedies as required by law.  (ECF No. 29.)

## II.     Legal Standard

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures.  See Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement.  See id. at 741 n. 6.  Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal.  See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).  "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ] - rules that are defined not by the PLRA, but by the prison grievance process itself."  Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88).  See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'").

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).

Most appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014). For example, where prison officials improperly screen out inmate grievances, they can render administrative remedies effectively unavailable. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). In such a case, "the inmate cannot pursue the necessary sequence of appeals[.]" Id. See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was precluded from exhausting his administrative remedies by a warden's mistaken instruction to him that a particular unavailable document was needed for him to pursue his inmate appeal); Marella, 568 F.3d 1024 (excusing an inmate's failure to exhaust because he did not have access to the necessary grievance forms to timely file his grievance).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that defendants must plead and prove. See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Albino, 747 F.3d at 1168. A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) "[i]n the rare event" that a prisoner's failure to exhaust is clear on the face of the complaint. Albino, 747 F.3d at 1168 & 1169. More typically, defendants are required to move for summary judgment under Federal Rule of Civil Procedure 56 and produce probative evidence that proves a prisoner's failure to exhaust. See id. at 1166. If the undisputed evidence viewed in the light most favorable to the prisoner demonstrates a failure to exhaust, the court should grant defendant's motion for summary judgment. On the other hand, if there are material facts in dispute, the court should deny defendant's motion summary judgment. See id.

### III. Legal Analysis

It is uncontested that between the April 28, 2015 incident and the filing of the original complaint in this court on October 13, 2015, plaintiff filed just one inmate appeal concerning prison conditions. (ECF No. 29-5 at 3-4, 7.) This single appeal about living conditions at CSP-Sac concerns the theft of allegedly confidential material from plaintiff. (Id. at 9-14.) This appeal is unrelated to the present action.

As noted above, however, plaintiff also filed a medical appeal in which he references the incident in his complaint. (See ECF Nos. 29-5 at 7; 34 at 5-6.) This medical appeal, log number SAC-H-15-01724, was filed on June 2, 2015. (ECF No. 34 at 5-6.) Defendant Burciaga contends that this medical appeal is insufficient to satisfy the PLRA because it is not an appeal concerning living conditions and it does not assert that excessive force was used. (ECF No. 37 at 2.) The undersigned agrees.

Inmate grievances must be sufficient to notify prison personnel of a problem for exhaustion purposes. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). To be sure, SAC-H-15-01724 infers that correctional officers used force against plaintiff, causing him to bleed and black out from a head injury. (ECF No. 34 at 5-6.) However, the grievance does not assert excessive force or allege misconduct by the named correctional officers; rather it seeks access to medical treatment. (Id.) Specifically, plaintiff seeks access to an eye doctor and medical doctor. (Id.) Furthermore, the medical issues for which this grievance seeks treatment do not appear to be tied to this use of force. Rather, plaintiff alleges that he is losing his hearing and vision, as well as suffers from headaches that interrupt his sleep. (Id. at 5.)

While SAC-H-15-01724 refers to the incident in the present case, it is apparent on the face of the grievance that it does not seek relief for this grievance. A court may excuse a prisoner from complying with the exhaustion requirement when prison officials render administrative remedies effectively unavailable even if prison officials did not act in bad faith. See Sapp, 623 F.3d at 822; Nunez, 591 F.3d at 1224. The Ninth Circuit has cited with approval a Seventh Circuit Court of Appeals decision for the proposition that "prison officials' failure to respond to a properly filed grievance makes remedies 'unavailable' and therefore excuses a failure to exhaust."

1    Sapp, 623 F.3d at 822-23 (citing Dole v. Chandler, 438 F.3d 804 (7th Cir. 2006)).  To consider
2    the current situation within this exception would go beyond the express purpose of the exemption,
3    which is to provide prisoners with a remedy when **prison officials** are at fault for rendering
4    administrative remedies unavailable.

5    Plaintiff does not contend that prison officials rendered administrative remedies
6    unavailable to him.  Rather, he simply asserts that through the filing of a medical grievance
7    requesting wholly different relief than that requested in the current action, prison personnel were
8    on notice about the alleged violation of his Eighth Amendment rights.  Were the court to agree
9    however, it would exceed the very limited authority it has to excuse noncompliance with the
10   PLRA.  The undisputed facts establish that plaintiff did not file a prison grievance complying
11   with PLRA standards alleging misconduct by defendant Burciaga or seeking relief because of any
12   actions -- legal or illegal, justified or unjustified -- undertaken by defendant Burciaga.  (See ECF
13   Nos. 29-5 at 3-4, 7; 34 at 5-6.)

14   For the foregoing reasons, the undersigned respectfully recommends that defendant
15   Burciaga's motion for summary judgment be granted and plaintiff's TAC be dismissed without
16   prejudice with leave to refile after exhausting administrative remedies.

**IV.    Conclusion**

As noted above, neither of the parties have consented to magistrate judge jurisdiction, therefore IT IS HEREBY ORDERED that the clerk's office randomly assign a district judge to this case so that these recommendations may be ruled upon.  Furthermore, IT IS HEREBY RECOMMENDED that:

1. Defendant Burciaga's motion for summary judgment for failure to exhaust administrative remedies be granted; and

2. Plaintiff's TAC be dismissed without prejudice with leave to refile after exhausting administrative remedies pursuant to the PLRA.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

1 objections with the court and serve a copy on all parties. Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."

3 Any reply to the objections shall be served and filed within fourteen days after service of
4 the objections. Failure to file objections within the specified time may waive the right to appeal
5 the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst,
6 951 F.2d 1153 (9th Cir. 1991).

7 Dated: February 27, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / cerv.2138.msj