1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAUL CERVANTES,                              No.  2:15-cv-2138 KJM DB

12                    Plaintiff,

13          v.                                     ORDER

14    WILLIAMSON, et al.,

15                    Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief

18    under 42 U.S.C. § 1983 alleging excessive force against correctional officers for taking him to the

19    ground during an escort.  The matter was referred to a United States Magistrate Judge as provided

20    by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21          On February 28, 2017, the magistrate judge filed findings and recommendations, which

22    were served on all parties and which contained notice to all parties that any objections to the

23    findings and recommendations were to be filed within seven days.  (ECF No. 45.)  Plaintiff has

24    filed objections to the findings and recommendations.

25          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

26    court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the

27    court declines to adopt the findings and recommendations and refers the matter back to the

28    assigned magistrate judge for further proceedings.

1

1        This action is proceeding on plaintiff's third amended complaint (TAC), which raises an

2   Eighth Amendment excessive force claim against defendant Burciaga based on an alleged

3   incident on April 28, 2015.  ECF No. 45 at 2.  Defendant Burciaga has moved for summary

4   judgment based on failure to exhaust administrative remedies, ECF No. 29, and the magistrate

5   judge recommends the motion be granted, ECF No. 45.  In support of the motion, defendant

6   presents evidence that the Appeals Coordinator at California State Prison-Sacramento only

7   accepted one inmate grievance from plaintiff for review between April 28, 2015, when the

8   incident occurred, and October 13, 2015, when this action was filed.  *See* ECF No. 29-2 and

9   evidence cited therein.  In opposition to the motion, plaintiff submitted evidence that he had filed

10   another inmate appeal on June 2, 2015.  ECF No. 34 at 5.  Plaintiff styled the appeal as an

11   "Emergency Appeal"; at the top, on June 17, 2015, someone other than plaintiff wrote:  "Non-

12   emergency, in CTC 1 on suicide precaution."  *Id*.  Plaintiff contends he was granted all the relief

13   requested at this level of appeal and therefore was not required to pursue administrative remedies

14   further.  ECF No. 34 at 3.  The magistrate judge finds this grievance did not "specifically

15   complain that excessive force was used, nor does it seek to hold defendant Burciaga or the other

16   correctional officer accountable for the incident."  ECF No. 45 at 2.

17        The grievance appended by plaintiff to his opposition reads as follows:

> On 4/28/15 I had 18 days on a hunger strike against I.E.X and
> before I went out of my cell A-3-204 at the time I reported to
> Burciaga and Rickman the [sic] I wanted to speak to a prison psych
> before I come out of the cell, for I was having serious hallucinations
> and hearing voices and the I=Cerriantes [illegible] was a threat to
> people he say after Burciago C/O you go for your hunger strike
> check up, so I went.  Nurse Balbasqua RN took my vitals, weight it
> me, and when I was coming back to the Bld=through 4 close dining
> door something hit me on my head, and I hear somebody saying
> and calling me wet back, and I knew I was been a victim of racial
> discrimination, so I start kicking deffensing [sic] myself, next thing
> I remember I was on front of the house with a cut on my head 2
> inches or one and I hear Sgt. Williamson say throw him back in his
> cell he is one of those hungry strike rebels with a head injury.  I
> support to have further med examination 2 days later I black out
> and I just come back from hospital CTC Bld # 8 Seat B-213 I spent
> almost 3 weeks and I just got my copy of 115 saying the I assaulted
> [sic] an officer, I was the one who got assaulted a handicap.

18
19
20
21
22
23
24
25
26
27
28

1   ECF No. 34 at 5-6.  Plaintiff requested the following relief:

2   > I request further medication examination and X Rays for my back
    > my neck.  My state appointed attorney and get copies of medical
3   > psych report is this inmate was psychotic at the time of the incident.
    > I.S.U. Sgt. K. Steele and Lt. R. Sparks Incident Report Review My
4   > 28, 2015 My attorney already have copies of these documents.

5   *Id.* at 6.

6        In his objections, plaintiff states "when I file my complaint against Officer Burciaga on

7   4/28/15 I clearly explain the one grievance against Officer Burciaga it was addressed to custody

8   not medical; but custody send it to medical and I was placed in sucidal [sic] watch every time I

9   try to complaint [sic] about racial mistreatment or other prison condition the Department of

10  Correction prison staff send me to a mental hospital . . .   When before I file my 602 J Cervantes

11  sent a 22 form is inmate request to see Sgt. Williamson; up to this day no response then I send

12  another 602 to Captain Cannary supervicing [sic] the whole yard never got no interview or never

13  response. . . ."  ECF No. 46 at 1.

14       Review of the record shows that the 115 referred to in the inmate appeal attached to

15  plaintiff's opposition is appended to plaintiff's original complaint.  ECF No. 1 at 6-7.  That rules

16  violation report is written by defendant Burciaga, and states that as Burciaga was escorting

17  plaintiff from a medical examination plaintiff "became very aggressive by yelling, screaming and

18  kicking and moving in an aggressive manner during the escort, in an attempt to break free of my

19  grasp.  I utilized immediate force to overcome the resistance and to stop the threat of

20  CERVANTES kicking me or other Staff members.  Specifically, I maintained my grasp of

21  CERVANTES's upper left arm grasping the jumpsuit I spun CERVANTES to my left causing

22  him to lose his balance and fall to the floor laying on his stomach. . ."  *Id.* at 6.  Plaintiff pleaded

23  guilty to the rules violation and told the hearing officer that he "was most likely defending

24  [him]self."  *Id.* at 7.  Plaintiff also appended to the original complaint a screening form for Inmate

25  Appeal Log Number:  SAC-P-15-02951, rejecting the appeal as incomplete.  *Id.* at 10.  This is a

26  different appeal log number from either the grievance submitted by defendant in support of the

27  motion for summary judgment or the appeal appended to plaintiff's opposition.  *See* ECF No. 29-

28  2 at 2; ECF No. 45 at 5.  That grievance includes an allegation that plaintiff "was hit by staff

1  member, C/O Burciaga, and was forced to deffend [sic] myself." ECF No. 1 at 14.  Also

2  appended to the original complaint is a mental health assessment of plaintiff performed in

3  connection with the rules violation report, that includes a finding that plaintiff "was psychotic at

4  the time of this incident." *Id*. at 20.

5         The foregoing shows that there have been more administrative proceedings in connection

6  with the April 28, 2015 incident than were presented to the court by defendant in support of his

7  motion for summary judgment.  In particular, defendant did not present the court with Inmate

8  Appeal Log Number: SAC-P-15-02951, even though that appeal was received and rejected

9  during the same time frame as the other grievance filed by defendant with his motion for

10  summary judgment.  In addition, plaintiff contends in his objections that his mental health

11  hospitalizations have interfered with his ability to pursue administrative remedies.  ECF No. 46 at

12  1.  As the magistrate judge correctly noted, defendant is required to plead and prove that plaintiff

13  failed to exhaust administrative remedies, and the exhaustion requirement may be excused if an

14  inmate "establishes that the existing administrative remedies were unavailable to him." ECF No.

15  45 at 4.

16         After *de novo* review of the record in this action, the court concludes that defendant has

17  failed to meet his burden of proving that plaintiff failed to exhaust administrative remedies.

18  Further, the court concludes that, while the record is not clear, there is at least some evidence to

19  suggest the exhaustion requirement might be excused in this case.  For these reasons, defendant's

20  motion for summary judgment will be denied without prejudice.

21         Accordingly, IT IS HEREBY ORDERED that:

22         1.      The findings and recommendations filed February 28, 2017 (ECF No. 45) are not

23  adopted;

24         2.      Defendant Burciaga's motion for summary judgment for failure to exhaust

25  administrative remedies is denied without prejudice; and

26         3.      This matter is referred back to the assigned magistrate judge for further

27  proceedings.

28  DATED:  March 30, 2017

4

UNITED STATES DISTRICT JUDGE