UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CERVANTES,<br><br>        Plaintiff,<br><br>    v.<br><br>SERGEANT WILLIAMSON, et al.,<br><br>        Defendants. | No. 2:15-cv-02138 DB<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983 alleging excessive force against correctional officers for taking him to the ground during an escort. Before the court is plaintiff's motion to compel discovery. (ECF No. 40.) Defendant Burciaga opposes the motion. (ECF No. 43.) For the following reasons, plaintiff's motion to compel is denied without prejudice.

Plaintiff moves the court for an order pursuant to Federal Rule of Civil Procedure 37 compelling defendant Burciaga to produce the form 602 inmate appeal concerning the excessive force allegation. (Id. at 1.) Plaintiff additionally seeks monetary damages for defendant Burciaga's purported failure to produce the requested discovery. (Id.) Plaintiff's motion includes two pages that appear to be part of a separate and unrelated filing. (Id. at 2-3.) These two pages describe aspects of plaintiff's substantive claims, as well as the legal standards on which those

////

1

claims are based. (Id.) Aside from the motion to compel on the first page of the filing, plaintiff does not make any further requests on this court.

When permitted, a party may serve requests for production of documents on any other party. Fed. R. Civ. P. 34(a). The discovering party may then move to compel if a responding party fails to produce documents or fails to respond to the inspection request. Fed. R. Civ. P. 37(a)(3)(B)(iii). And where the request for production is at issue, the party moving to compel must file the portion of the request at issue and its proof of service. Local Rule 250.3(c). Additionally, when a party objects to the discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grigsby v. Munguia, No. 2:14-cv-0789, 2015 WL 3442344, at *1 (E.D. Cal. May 28, 2015) (citing Grabek v. Dickinson, No. 2:10-cv-2892, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, No. 2:11-cv-1030, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011)). To meet that burden, the moving party must "inform the Court which discovery requests are the subject of the motion to compel, and for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." Grigsby, 2015 WL 3442344, at *1.

Plaintiff's motion to compel does not include the pertinent discovery requests that he claims to have made to defendant Burciaga, nor does it identify by name which request for production included a demand for the document at issue. Additionally, defendant Burciaga asserts that plaintiff never made a formal discovery request for the document at issue, nor did plaintiff confer with defendant Burciaga before moving to compel production. (ECF No. 43.) Plaintiff did not file a reply memorandum addressing defendant Burciaga's assertion that he was never served with a request.

The court cannot compel defendant Burciaga to produce a document that was never actually demanded in a discovery request. The Federal Rules of Civil Procedure and the Local Rules require the moving party in a discovery dispute to file the relevant discovery request and the proof of service to avoid any uncertainty as to whether the request was ever actually made. Plaintiff has failed to comply with these rules and his motion must be denied without prejudice. If plaintiff formally requests discovery from defendant and defendant objects to the request or

2

fails to respond, then plaintiff may refile a motion to compel that complies with the Federal Rules of Civil Procedure and the Local Rules.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 40) is denied without prejudice.

Dated: June 26, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / cerv.2138.mtc