UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CERVANTES,<br><br>    Plaintiff,<br><br>  v.<br><br>SERGEANT WILLIAMSON, et al.,<br><br>    Defendants. | No. 2:15-cv-02138 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds on his third amended complaint against defendant Correctional Officer ("CO") Burciaga on an Eighth Amendment excessive force claim. Pending now are two motions for summary judgment filed by plaintiff and one renewed motion for summary judgment for failure to exhaust administrative remedies filed by defendant. (ECF Nos. 53, 58, and 64.) These motions are fully briefed and ready for disposition.

**I. Plaintiff's Allegations**

  The conduct at issue occurred while plaintiff was housed at California State Prison in Sacramento, California ("CSP-Sac"). On April 28, 2015, during an escort to medical while plaintiff was suffering from a mental health crisis, plaintiff was picked up by CO Burciaga and thrown head down onto the floor. CO Burciaga then applied all of his body weight to plaintiff's head. Plaintiff alleges this use of force was unnecessary and excessive and caused him injury.

1

## II. Relevant Procedural Background

Plaintiff initiated this action on October 13, 2015, and filed the operative pleading on March 23, 2016. Defendant filed on answer on July 14, 2016.

On August 25, 2016, defendant filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 29.) Plaintiff opposed the motion. (ECF No. 34.)

On February 28, 2017, the undersigned issued findings and recommendations recommending that defendant's motion be granted and this action be dismissed without prejudice. (ECF No. 45.) This recommendation was based on the finding that plaintiff filed only one inmate appeal concerning prison conditions between the date of the assault and the date that he filed this action. While plaintiff did file a grievance containing some relevant allegations, it was classified as a medical appeal; it was deemed that this appeal did not concern living conditions, did not assert that excessive force was used, and did not seek relief related to CO Burciaga's actions.

On March 31, 2017, the Honorable Kimberly J. Mueller declined to adopt the findings and recommendations. (ECF No. 47.) This order was based on the finding that defendant did not include all of the grievances filed by plaintiff during the relevant time period. Specifically, defendant failed to identify or address Inmate Appeal Log No. SAC-P-15-02951, which purportedly included a complaint against CO Burciaga and which was rejected as incomplete. Additionally, Judge Mueller referred to plaintiff's contention in his objections that his mental health hospitalizations interfered with his ability to pursue administrative remedies.

On May 3, 2017, defendant filed the instant renewed motion for summary judgment, which plaintiff opposes. Plaintiff has also filed two motions for summary judgment: the first on April 19, 2017, and the second on September 5, 2017. All three motions are now fully briefed.

## III. Undisputed Facts Re: Defendant's Motion for Summary Judgment

Between April 28, 2015, when CO Burciaga is alleged to have used excessive force, and October 13, 2015, when plaintiff initiated this action, plaintiff filed three inmate appeals related to his incarceration at CSP-Sac. See Decl. of C. Burnett in Supp. of Def.'s Mot. Summ. J. (ECF No.

29-5)[1] Ex. B; Decl. of J. Villafuerte in Supp. of Def.'s Mot. Summ. J. (ECF No. 58-6) Ex. A. Only two of those appeals are relevant here: Inmate Appeal Log No. SAC-HC-15031093 and Inmate Appeal Log No. SAC-P-15-02951.[2]

### A. Log No. SAC-HC-15031093 (initially submitted as Log No. SAC-H-15-01724)

On June 2, 2015, plaintiff submitted a CDCR 602 form in which he complained as follows:

> On 4/28/15 I had 18 days on a hunger strike against I.E.X and before I went out of my cell A-3-204 at the time I reported to Burciaga and Rickman the [sic] I wanted to speak to a prison psych before I come out of the cell, for I was having serious hallucinations and hearing voices and the I=Cervantes T08408 was a threat to people he say after Burciago C/O you go for your hunger strike checkup, so I went. Nurse Balbaspua RN took my vitals, weight it me, and when I was coming back to the Bld=through 4 door dining door something hit me on my head, and I hear somebody saying and calling me wet back, and I knew I was been a victim of racial discrimination, so I start kicking deffensing [sic] myself, next thing I remember I was on front of the [illegible] with a cut on my head 2 inches or one bleeding and I hear Sgt. Williamson say throw him back in his cell he is one of those hungry strike rebels with a head injury. I suppose to have further med examination 2 days later, I black out, and I just come back from hospital CTC Bld # 8 Seat B-213 I spent almost 3 weeks and I just got my copy of 115 saying the I assauted [sic] an officer, I was the one who got assaulted a handicap.

Villafuerte Decl. Ex. B.

Plaintiff requested the following relief:

> I request to be seeing by eye doctor and medical doctor for my hearing is going away and my eye sigh[t] is fading away my vision, and I have headaches, I can't sleep anymore. I request futher [sic] medical examination and X Rays for my back my neck. My state appointed attorney and get copies of medical psych report is this inmate was psychotic at the time of the incident. I.S.U. Sgt. K.

---

[1] The exhibits purportedly attached to the Burnett declaration in support of the instant motion for summary judgment are not in fact attached. The undersigned therefore refers to the exhibits attached to Burnett's previously-filed declaration in support of defendant's August 25, 2016, motion for summary judgment.

[2] The third inmate appeal, assigned Log No. SAC-P-15-02881 and submitted on September 7, 2015, concerns confidential information allegedly possessed by fellow inmates and plaintiff's correctional counselor. See Burnett Decl. Ex. B (ECF No. 29-5). It bears no relation to the claims asserted in this case.

3

> Steele and Lt. R. Sparks Incident Report Review May 28, 2015 My attorney already have copies of these documents.

Villafuerte Decl. Ex. B.

Plaintiff thus claimed that he suffered a head injury following his escort and was hospitalized for three weeks. He claimed that as a result of the incident, he suffered injuries to his neck and back. Upon his return from the hospital, plaintiff received a Rules Violation Report ("RVR") charging him with Assault on a Peace Officer. By way of relief, plaintiff sought further medical examination and an x-ray for his back and neck.

It appears plaintiff's appeal was originally assigned Log No. SAC-H-15-01724, but then classified as a medical appeal and re-assigned Log No. SAC-HC-15031093. This appeal was rejected on June 29, 2015, for proceeding directly to a health care appeal instead of submitting a health care request for medical treatment and/or referrals. The appeal was also rejected for being submitted on an improper form (the CDCR 602 form instead of the CDC602-HC form). Plaintiff did not process this appeal through the third level of review. Voong Decl. ¶ 8, Ex. A.

### B. Log No. SAC-P-15-02951

On July 27, 2015, plaintiff submitted a CDCR 602 form complaining as follows:

> 3391. Employee conduct (a) b) Sec. 3291(b) Penal Code sec 832.5 (d) citizen filing I, prisoner name and No# Cervantes 708408, want to make an statment against Sgt. Staff Complaint Williamson, 2th watch P.S.U. Blds 3-4 I been told by two, persons one a C/O 3 bld, the other on a prisoner they both white males, the cause of these staff mistreatment no laundry, no shoes, I was hit by a staff member C/O Burciaga and was forced to defended myself and I want to bring it to you attention for this is going too far, I was told that Sgt. Williamson is doing these things through staff, personal, for I took a stand against I.E.X. since 3/11/15 I went on a hungry strike 18 days and I was notified by a C/o THE Sgt. Was giving orders to staff not to give me laundry, shoes, or medical attention. I reported this matter to Captain [illegible] about a month and a week ago, and so far no results still up to this day no changes. I'm acusing Sgt. Williamson of been a sympathacer of I.E.X.. [Inmate] attaching upporting documents, to support my allegation even Robinson told me when I was going to stab him for doing I.E.X. in front of me, he said Sgt. Williamson is supporting I.E.X.

Compl. Attach. (ECF No. 1 at 12-15). Plaintiff requested "proper treatment" and his state issued personal items.

////

4

This appeal was assigned Log No. SAC-P-15-02951 and screened at the first level of review on August 18, 2015. Compl. Attach. (ECF No. 1 at 10-11). It was rejected for having attached more than one CDCR Form 602-A, which was considered misuse or abuse of the appeals process. It was also rejected as incomplete because it was missing necessary supporting documents. Plaintiff did not process this appeal through the third level of review. Voong Decl. ¶ 8, Ex. A.

**IV.    Legal Standards**

    **A.    Summary Judgment Standards**

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. Anderson, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Id. at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000); see Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting Celotex, 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse

party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See Devereaux, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. See Celotex, 477 U.S. at 323.

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for non-exhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with the defendant, however. Id. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, id. at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," id. at 1170-71.

In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Plaintiff's pleading is signed under

6

penalty of perjury and the facts therein are evidence for purposes of evaluating the defendants' motion for summary judgment.

### B. California's Administrative Exhaustion Rules

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." Id. at 90.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. Jones v. Bock, 549 U.S. 199, 218 (2007); see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations"). California prisoners are required to lodge their administrative complaint on a CDCR-602 form (or

a CDCR-602 HC form for a health-care matter). The level of specificity required in the appeal is described in a regulation:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. [¶] The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(3-4).[3]

Exhaustion of administrative remedies may occur if, despite the inmate's failure to comply with a procedural rule, prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process. Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016); e.g., id. at 659 (although inmate failed to identify the specific

---

[3] Several Ninth Circuit cases have referred to California prisoners' grievance procedures as not specifying the level of detail necessary and instead requiring only that the grievance "describe the problem and the action requested." See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Cal. Code Regs. tit. 15, § 3084.2); Sapp, 623 F.3d at 824 ("California regulations require only that an inmate 'describe the problem and the action requested.' Cal. Code Regs. tit. 15, § 3084.2(a)"); Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (when prison or jail's procedures do not specify the requisite level of detail, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought' "). Those cases are distinguishable because they did not address the regulation as it existed at the time of the events complained of in Plaintiff's pleading. Section 3084.2 was amended in 2010 (with the 2010 amendments becoming operative on January 28, 2011), and those amendments included the addition of subsection (a)(3). See Cal. Code Regs. tit. 15, § 3084.2 (history notes 11-12 providing operative date of amendment). Wilkerson and Sapp used the pre-2011 version of section 3084.2, as evidenced by their statements that the regulation required the inmate to "describe the problem and the action requested" – a phrase that does not exist in the version of the regulation in effect in and after 2011. Griffin is distinguishable because it discussed the Maricopa County Jail administrative remedies rather than the CDCR's administrative remedies. Whatever the former requirements may have been in the CDCR and whatever requirements may still exist in other facilities, since January 28, 2011, the operative regulation has required California prisoners using the CDCR's inmate appeal system to list the name(s) of the wrongdoer(s) in their administrative appeals.

doctors, his grievance plainly put prison on notice that he was complaining about the denial of pain medication by the defendant doctors, and prison officials easily identified the role of pain management committee's involvement in the decision-making process).

**V.     Discussion**

Defendant moves for summary judgment on the ground that plaintiff did not exhaust administrative remedies on his excessive force claim. In support, defendant submits evidence that plaintiff submitted two inmate appeals referencing the April 28, 2015, incident, but plaintiff did not properly exhaust administrative remedies as to his excessive force claim even though those remedies were available to him.  Defendant has thus carried his burden to demonstrate that plaintiff did not properly exhaust his administrative remedies.

The burden thus shifts to plaintiff to come forward with evidence that something in his particular case made the existing administrative remedies effectively unavailable to him. See Albino, 747 F.3d at 1172. Instead, plaintiff argues that defendant's motion should be denied because defendant failed to submit all evidence in the context of his first motion for summary judgment, namely evidence of inmate appeal Log No. SAC-P-15-02951.[4] That failure, however, served as the basis for denying defendant's first summary judgment motion. Plaintiff does not now claim that defendant has failed to submit all relevant evidence for consideration on the instant renewed motion for summary judgment for failure to exhaust administrative remedies. This reason is therefore not grounds to deny defendant's renewed summary judgment motion.

In the order denying defendant's first motion for summary judgment, Judge Mueller suggested that plaintiff's failure to exhaust may be excused in light of his mental health. This suggestion was premised on a finding during a May 13, 2015, mental health assessment that plaintiff "was psychotic at the time of [the April 28, 2015] incident." Villafuerte Decl. Ex. B (ECF No. 58-6 at 21). It is also supported by evidence in the record that plaintiff was on suicide watch on or around June 14, 2015. See id. (ECF No. 58-6 at 18) (handwritten note by someone

---

[4] Defendant asserts that evidence of this appeal was not submitted with his first motion for summary judgment because the institutions did not start retaining copies of screened-out appeals until September 2015. See Def.'s Renewed Mot. Summ. J. at 6; Burnett Decl. ¶ 5.

9

other than plaintiff indicating that plaintiff was "on suicide prevention").

Plaintiff, though, has submitted no evidence that his mental health affected his ability to pursue his administrative grievances in relation to inmate appeal Log No. SAC-HC-15031093, which was rejected on June 29, 2015, or inmate appeal Log No. SAC-P-15-02951, which was rejected on August 18, 2015. Plaintiff has thus presented no evidence to establish that he was medically or mentally unable to pursue his administrative remedies. Accordingly, he has not shown that administrative remedies were effectively unavailable to him.

## VI. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's renewed motion for summary judgment (ECF No. 58) be GRANTED;
2. Plaintiff's April 19, 2017, motion for summary judgment (ECF No. 53) and September 5, 2017, motion for summary judgment (ECF No. 64) be DENIED; and
3. This action be dismissed for plaintiff's failure to exhaust his administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 26, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/cerv2138.msj2

10